UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAROD WARRICK, and LEANNE WARRICK,<br><br>Plaintiffs,<br><br>v.<br><br>EXETER FINANCE, LLC, ALS RESOLVION, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 20-cv-01787-H-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION TO COMPEL ARBITRATION**<br><br>[Doc. No. 18.] |

On July 20, 2020, Plaintiffs Jarod and Leanne Warrick (collectively, "Plaintiffs") filed a complaint in the Superior Court of California, County of San Diego, against Defendants Exeter Finance, LLC, Resolvion, LLC, and Does 1 through 10, alleging several claims related to the repossession of Plaintiffs' vehicle (the "Vehicle"). (Doc. No. 1-2.) On September 11, 2020, Defendants Exeter Finance, LLC and Resolvion, LLC (collectively, "Defendants") removed the action to this Court. (Doc. No. 1.) On November 25, 2020, the parties filed a joint motion requesting the Court to compel the arbitration of Plaintiffs' claims and stay the action pending the completion of arbitration. (Doc. No. 18.)

The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. KPMG LLP v. Cocchi, 565 U.S. 18, 21 (2011). A party moving to compel arbitration must show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted); see also Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014).

Here, the parties represented in the joint motion that the Vehicle was purchased pursuant to a written agreement containing an arbitration provision. (Doc. No. 18 at 2.) The parties asserted that the arbitration agreement covers each claim asserted by Plaintiffs against Defendants in this action. (See id.) Thus, because the parties both claim that a valid arbitration agreement exists that covers the claims at issue in this litigation, the Court must compel Plaintiffs to submit their claims against Defendants to arbitration. See KPMG, 565 U.S. at 21.

The Court then turns to the parties' request to stay the action pending arbitration. Section 3 of the FAA provides the following:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

"The Ninth Circuit has held, however, that § 3 does not impose a mandatory duty to stay on district courts. Even when a party seeks a stay under § 3, the court has discretion to dismiss the case if it concludes that all the claims before it are arbitrable." Erickson v.

Endurance Am. Specialty Ins. Co., No. 12-CV-01703-H-MDD, 2012 WL 13175882, at *3 (S.D. Cal. Aug. 21, 2012) (citations omitted); see also Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1073-74 (9th Cir. 2014) ("[A] district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." (citation omitted)); Thinket Ink Info. Res. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming dismissal under Rule 12(b)(6) when all claims were subject to arbitration); Delgado v. Ally Fin., Inc., No. 17-CV-02189-BEN-JMA, 2018 WL 2128661, at *6 (S.D. Cal. May 8, 2018) ("Having decided that all of [the] claims are subject to arbitration, the Court is within its discretion to dismiss the complaint under Rule 12(b)(6)."). Here, the parties represented in their joint motion that each of Plaintiffs' claims against Defendants are subject to the arbitration agreement. (See Doc. No. 18 at 2.) Therefore, because no claims remain to be litigated in this Court, the Court, in its discretion, dismisses the action. The parties, of course, are free to move to re-open the case to confirm the arbitration award.

In sum, the Court grants in part and denies in part the parties' joint motion to compel arbitration and stay the action. Specifically, the Court compels Plaintiffs to submit their claims against Defendants to arbitration. The Court subsequently dismisses the action and directs the Clerk to close the case.

**IT IS SO ORDERED.**

DATED: December 2, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT